## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. CR-22-40-D |
| WILLIAM SHAWN KAYS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is a motion to dismiss filed by Defendant William Shawn Kays [Doc. No. 50]. Defendant argues that the Superseding Indictment fails to state essential elements of the alleged offenses and that the undisputed facts establish his innocence. The government responded in opposition. [Doc. No. 58]. The matter is fully briefed and at issue.

Defendant was charged in a three-count Superseding Indictment [Doc. No. 33] with one count of illegal receipt of a firearm by a person under indictment in violation of 18 U.S.C. § 922(n) and two counts of being a prohibited person in possession of a firearm in violation of 18 U.S.C. 922(g)(8).[1] In July 2021, the Oklahoma State Bureau of Investigation obtained an arrest warrant for Defendant after he was charged by information with Burglary in the First Degree and Assault and Battery in the District Court for Blaine County, Oklahoma. The government alleges that, in August 2021, Defendant attended a

---

[1] After the instant motion was fully briefed, the government obtained a Second Superseding Indictment [Doc. No. 71] that neither adds nor eliminates any charge and, to the Court's observation, is substantively identical to the Superseding Indictment [Doc. No. 33].

gun show in Oklahoma City and traded a rifle for two handguns. The government also alleges Defendant possessed firearms while subject to a protective order.

## DISCUSSION

Fed. R. Crim. P 12(b)(1) generally authorizes a pretrial determination of any defense or objection "that the court can determine without a trial on the merits." A pretrial motion may properly be decided under this rule if it does not require the resolution of "any disputed questions of fact about the circumstances of the alleged crime." *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010). A trial court may decide pretrial motions "that require it to answer only pure questions of law," and "a court may always ask whether the allegations of the indictment, if true, are sufficient to establish . . . the charged offence." *Id.* (quoting *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006)); *see* Fed. R. Crim. P. 12(b)(3)(B)(v).

I.     **The Superseding Indictment does not fail to state essential elements of the offenses.**

Defendant contends that the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), requires the government to prove Defendant knew he was prohibited from possessing a firearm because of the state court felony information and protective order entered against him. Defendant concedes that this argument has been soundly rejected by federal courts, including this Court. [Doc. No. 50] at pp. 10–11 (citing *United States v. Harroz*, Case No. CR-19-325-SLP [Doc. No. 105] at p.9 (February 18, 2020), *United States v. Kasperiet*, No. CR 18-197-R, 2019 WL 5684509, at *2 (W.D. Okla. Nov. 1, 2019), *United States v. Edwards*, No. 19-CR-20-JED, 2019 WL 2914017, at * 3

(N.D. Okla. July 8, 2019), and *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019). Defendant argues that in so holding, these decisions "engage in unconvincing semantics and hair-splitting." [Doc. No. 50] at p. 11.

The Tenth Circuit has spoken on this matter, as well. "*Rehaif* does not require that Defendant knew his status prohibited his possession of a firearm, just that he knew of his status—in this case that he was subject to a protective order such as the one described in § 922(g)(8)." *United States v. Kaspereit*, 994 F.3d 1202, 1208 (10th Cir. 2021); *see United States v. Benton*, 988 F.3d 1231 (10th Cir. 2021); *United States v. Craine*, 995 F.3d 1139, 1144 (10th Cir. 2021). Accordingly, the government is not, under *Rehaif*, required to prove—or for purposes of the instant motion, allege—that Defendant knew his status prohibited his possession of firearms. The Court, thus, finds the government has not failed to state offenses of § 922(g)(8) in Count 2 and Count 3 of the Superseding Indictment.[2]

## II.    Defendant has not shown that this motion falls within the limited circumstances where pretrial dismissal based on facts outside the indictment is permissible.

In limited circumstances, a district court may dismiss an indictment based on "facts outside the indictment and bearing on the general issue" of guilt. *Pope*, 613 F.3d at 1260. Such limited circumstances exist when "'[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed

---

[2] Defendant appears to argue that the government must prove in Count 1 that he *knowingly* received a firearm while under felony indictment. [Doc. No. 50] at p. 11. This is incorrect. The government must prove, and thus allege, that he *willfully* received the firearm. *See* Order [Doc. No. 66] at p.3. The government does allege he willfully received the firearm; Defendant, thus, identifies no basis to conclude Count 1 fails to state an offense.

facts,' and [3] the district court can determine from them that, '*as a matter of law,* the government is incapable of proving its case beyond a reasonable doubt.'" *Id.* (quoting *United States v. Hall,* 20 F.3d 1084, 1088 (10th Cir. 1994) (emphasis in *Hall*).

> A pretrial dismissal of this sort is essentially a determination that, *as a matter of law,* the government is incapable of proving its case beyond a reasonable doubt. Such a dismissal is appropriate only when and because undisputed evidence shows that the defendant could not have committed the offense for which he was indicted. If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, the prosecution must continue. Any other approach would risk trespassing on territory reserved to the jury as the ultimate finder of fact in our criminal justice system.

*United States v. Chavez*, 29 F.4th 1223, 1226–27 (10th Cir. 2022) (internal alterations, quotation marks, and citations omitted) (emphasis added in *Chavez*).

Defendant argues that the Superseding Indictment must be dismissed because he had explicit authority from a state court judge to possess firearms. The government alleges that in 2021 a state court issued a protective order that restrained Defendant from, among other things, harassing or threatening an intimate partner. Superseding Indictment [Doc. No. 33] at pp. 2–3. In the instant motion, Defendant explains that on the day the state court entered the protective order he surrendered his firearms to the county sheriff. Shortly thereafter at a hearing concerning the protective order, Defendant explains that his attorneys in the state court matter asked the state court if Defendant could retrieve and possess his firearms. Defendant claims the state court granted this request, and that his attorneys advised him that he was not violating the protective order by possessing firearms. Defendant points to no evidence in the record demonstrating that these "operative facts are undisputed." *See Pope*, 613 F.3d at 1260.

To support his argument, Defendant relies heavily on *United States v. Brady*, 710 F. Supp. 290 (D. Colo. 1989). But *Brady* was decided after the court held a non-jury trial, not on a motion to dismiss. Defendant has not cleared the first hurdle for the Court to consider this argument and dismiss the Superseding Indictment. He may believe the facts supporting this defense "are or should be undisputed," [Doc. No. 50] at p.4, but he provides no evidence demonstrating the credibility of his representations.

Although they may not require "a trial on the merits," Fed. R. Crim. P. 12(b)(3), motions to dismiss under the limited circumstance identified in *Pope*, *Hall*, and *Chavez* do require some evidence. *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) ("Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed *evidence* shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted." (emphasis added)). But all Defendant presents to the Court in the instant motion is a narrative of the state court proceedings and of conversations between Defendant and his attorneys in the state court case. Further, the government does not agree that the facts are undisputed. [Doc. No. 58] at p.3 n.2. Therefore, Defendant has not shown that this motion falls within the limited circumstances in which a court may dismiss an indictment based on "facts outside the indictment and bearing on the general issue" of guilt. See *Pope*, 613 F.3d at 1260.

**CONCLUSION**

For these reasons, the Court finds that Defendant's Motion to Dismiss Superseding Indictment on Fifth Amendment Due Process Grounds and for Insufficiency [Doc. No. 50] should be **DENIED**.

**IT IS SO ORDERED** this 16th day of June, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge