IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CR-22-40-D |
| WILLIAM SHAWN KAYS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant William Shawn Kay's Motion to Suppress Evidence Seized in Search of Residence [Doc. No. 22]. The government filed a response in opposition [Doc. No. 27]. The matter is fully briefed and at issue.

## FACTUAL BACKGROUND

Defendant was charged in state court with Burglary in the First Degree, a felony punishable by up to twenty years imprisonment. Okla. Stat. tit. 21, § 1436. The government alleges Defendant, after the information was filed against him, attended a gun show and traded a rifle in exchange for two handguns in violation of 18 U.S.C. § 922(n). Defendant allegedly posted pictures on his Facebook page that show two firearms in their cases. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) agents explain they obtained video footage showing Defendant engaging in a firearm transaction at the gun show.

Jared Lowe, an ATF Special Agent, applied for a search warrant to conduct a search of Defendant's home. The warrant application sought authorization to search for five categories of evidence: (1) firearms and ammunition; (2) items of dominion and control

related to the premises; (3) documents indicating the possession, sale, receipt, purchase or barter for items in exchange for firearms or property; (4) records and documents related to the sale, trade, pawn, receipt or disposition of any firearm; and (5) any cell phone or computer used to facilitate certain violations of law. On September 24, 2021, Magistrate Judge Gary M. Purcell issued the warrant. Although agents did not recover the two handguns from Defendant's Facebook post in the search, they did seize five other firearms, ammunition, two flashbang canisters, a tear gas grenade, and a "medium-sized container of marijuana." *See* [Doc. No. 27] at p. 4. The government explains that agents recovered a firearm from Defendant's Facebook post in a separate encounter with Defendant's roommate.

Defendant challenges the validity of the search of his home. First, he argues that the search warrant affidavit failed to show probable cause to believe evidence would be found at his home. Second, Defendant contends that the warrant lacked a sufficient nexus between the items sought and the residence searched. Third, Defendant that claims the search warrant failed to describe the items to be seized with particularity. Fourth, Defendant argues the agents' reliance on the warrant is not protected by the good-faith exception to the exclusionary rule recognized in *United States v. Leon*, 468 U.S. 897, 923 (1984). Finally, Defendant contends that the plain view doctrine did not justify the seizure of evidence not described in the warrant.

## DISCUSSION

"A search warrant can issue only upon a showing of probable cause." *United States v. Long*, 774 F.3d. 653, 658 (10th Cir. 2014) (citing *United States v. Biglow*, 562 F.3d 1272,

1275 (10th Cir. 2009)); U.S. Const. amend. IV. "In dealing with probable cause, . . . as the very name implies, [the court] deal[s] with probabilities" that are not technical but rather the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates*, 462 U.S. 213, 231 (1983) (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)). This standard requires more than "mere suspicion but less evidence than is necessary to convict." *United States v. Danhauer*, 229 F.3d 1002, 1005 (10th Cir. 2000) (internal quotations omitted).

    Any affidavit upon which probable cause is based "must provide a substantial basis to conclude that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (quoting *United States v. Nolan*, 199 F.3d 1180, 1182 (10th Cir. 1999) (internal quotations omitted)); *Gates*, 462 U.S. at 239 ("An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause."). That is, the affidavit must establish "a nexus between . . . suspected criminal activity and the place to be searched." *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005) (citation omitted). In order "[t]o assess the validity of a search warrant under the Fourth Amendment," the court must review "the totality of the circumstances in the affidavit provided." *United States v. Myers*, 106 F.3d 936, 939 (10th Cir. 1997) (quoting *United States v. McCarty*, 82 F.3d 943, 947 (10th Cir.) (internal quotations omitted), cert. denied, 519 U.S. 903 (1996)).

    However, "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review." *Gates*, 462 U.S. at 236. Instead, "a magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" *Id.*

3

(quoting *Spinelli*, 393 U.S. 410, 419 (1969)). Nor should courts "invalidate . . . warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner." *Id.* (quoting *United States v. Ventresca*, 380 U.S. 102, 109 (1965)). The finding of probable cause "should be upheld if the magistrate had a 'substantial basis' for determining that probable cause existed." *Id.* at *5 (quoting *United States v. Perrine*, 518 F.3d 1196, 1201 (10th Cir. 2008) (internal quotations omitted); *Gates*, 462 U.S. at 239. "The Fourth Amendment's strong preference for warrants compels us to resolve 'doubtful or marginal cases' by deferring to [the issuing] judge's determination of probable cause." *Biglow*, 562 F.3d at 1282 (citing *Massachusetts v. Upton*, 466 U.S. 727, 734 (1984)).

### I.    The validity of the search warrant

Defendant argues that the warrant affidavit did not give the magistrate sufficient information to believe there was a fair probability that evidence of the alleged crime, receipt of a firearm while under indictment, would be found at his home. In the warrant affidavit, Special Agent Lowe gave a foundational explanation of his experience, stating that:

- he had over 15 years of law enforcement experience, including six years with the ATF;
- through his work in ATF investigations, he is familiar with the "patterns and methods of operations of persons who violate Federal Firearms laws";
- he is "familiar with the ways with the ways that people who own, possess, acquire or maintain firearms, whether prohibited or not, frequently maintain books, records, receipts, notes, ledger, bank records, money orders, and other papers relating to the purchase, manufacture, transportation, ammunition";

4

- based on his training and experience, he knows "that individuals who violate federal firearm laws often keep firearms in their residence, storage building, or storage shed";

- based on his training and experience, consumer events like gun shows use cell phone applications to process credit/debit card payments and that digital receipts are created and sent to the consumer's cell phone after payment is processed.

Warrant Affidavit [Doc. No. 27-3] at pp. 1–2, 11–12.

Lowe, then, provided information he and other ATF agents discovered while investigating Defendant's alleged firearm transaction. After describing the charges and court proceedings for Defendant's state criminal case, Lowe declared that:

- ATF agents received screen shots of photographs posted on Defendant's public Facebook account, one showing Defendant at a gun show and the other showing Defendant displaying two firearms in their cases;[1]

- Defendant left a comment on his Facebook post displaying the guns stating: "never taken from the box and shot, they'll go into the safe until the next gun scare where the value triples then I'll sale";

- ATF agents recovered video footage of Defendant entering the gun show with a rifle, handing it to a vendor, and leaving the gun show with two black cases;[2]

- Defendant likely took the photographs with his personal cell phone; and

- based on Defendant's Facebook posts, the firearms displayed by Defendant in one of the photographs were likely being stored within a safe located at Defendant's home.

*Id.* at pp. 4–13.

---

[1] Lowe included the screenshots in the warrant affidavit; the photographs and comments are consistent with Lowe's statements in his affidavit.

[2] Lowe explained the video footage does not show Defendant completing any paperwork during the transaction.

The Court finds that this is sufficient factual information, coupled with Lowe's expertise and experience, to establish "a fair probability that contraband or evidence of a crime [would] be found" at Defendant's home. *See Danhauer*, 229 F.3d at 1005. The warrant affidavit, therefore, gave the magistrate a substantial basis for determining probable cause existed.

Further, the affidavit sufficiently established a nexus between Defendant's home and the items sought by the agents. An affidavit submitted in support of a warrant must show a "minimal nexus between the place to be searched and the suspected criminal activity." *United States v. Gonzales*, 399 F.3d 1225, 1231 (10th Cir. 2005). "The issuing judge is entitled to go beyond the averred facts and draw upon common sense in making reasonable inferences from those facts." *United States v. Grimmett*, 439 F.3d 1263, 1270 (10th Cir. 2006). Factors relevant to the Court's nexus analysis include: "(1) the type of crime at issue, (2) the extent of a suspect's opportunity for concealment, (3) the nature of the evidence sought, and (4) all reasonable inferences as to where a criminal would likely keep such evidence." *Biglow*, 562 F.3d at 1279. "Furthermore, magistrates may permissibly rely on law enforcement officers' opinions regarding where contraband or evidence may be kept." *United States v. Campbell*, 603 F.3d 1218, 1231 (10th Cir. 2010) (citation omitted). The Tenth Circuit has acknowledged that "the nexus between the place to be searched and the evidence sought may be established through normal inferences about the location of evidence." *Biglow*, 562 F.3d at 1280 (quoting *United States v. Tisdale*, 248 F.3d 964, 971 (10th Cir. 2001)).

The affidavit provided the magistrate sufficient information to draw reasonable inferences connecting evidence of the firearm transaction and Defendant's home. Lowe explained in his affidavit that individuals who violate federal firearm statutes often store firearms in their residence. The magistrate was entitled to rely on Lowe's opinion regarding where Defendant likely kept these firearms. Further, the affidavit included Defendant's statement on his Facebook page that he was going to store the two firearms from the suspected firearm transaction in a safe. The magistrate was entitled to draw a normal inference that the safe mentioned by Defendant was at his home. Therefore, the Court finds that the search warrant affidavit provided the necessary information to establish a nexus between Defendant's suspected firearm transaction and his residence.

Finally, the warrant described with particularity the items to be seized. In addition to requiring that a warrant be supported by probable cause the Fourth Amendment also requires that a warrant describe with particularity "the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. This particularity requirement is satisfied when the description "enables the searcher to reasonably ascertain and identify the things authorized to be seized." *United States v. Leary*, 846 F.2d 592, 600 (10th Cir. 1988). "A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized." *United States v. Leary*, 846 F.2d 592, 600 (10th Cir. 1988) (internal quotations omitted*); see also United States v. Nolan*, 854 F. App'x 977, 979 (10th Cir. 2021) (unpublished). "[A] warrant may satisfy the particularity requirement if its text constrains the search to evidence of a specific crime such that it

sufficiently narrows language that, on its face, sweeps too broadly." *United States v. Suggs*, 998 F.3d 1125, 1134 (10th Cir. 2021).

Defendant argues the warrant's descriptions of documentary and electronic evidence were not sufficiently particularized. Although the warrant included an expansive list of specific kinds of documentary evidence to be seized, the descriptions in the warrant limited the search to evidence of the crime agents suspected Defendant of committing: receipt of a firearm while under indictment. Agents sought documents indicating an exchange, whether purchase or sale, of firearms, and they sought cell phones or computers used to complete those suspected transactions. Therefore, the search warrant did not authorize a general search, as Defendant asserts. The warrant does not fail the Fourth Amendment's particularity requirement.

## II. The *Leon* good faith exception would apply even if the Court found the warrant affidavit did not establish probable cause.

"[A] search warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Leon*, 468 U.S. at 922 (1984) (internal quotations and citations omitted). "Under the good-faith exception to the exclusionary rule, if a warrant is not supported by probable cause, the evidence seized pursuant to the warrant need not be suppressed if the executing officer acted with an objective good-faith belief . . . ." *United States v. Chambers*, 882 F.3d 1305, 1310 (10th Cir. 2018), *cert. denied*, *Chambers v. United States*, 138 S. Ct. 2695 (2018) (internal quotations omitted); *see also Leon*, 468 U.S. at 922.

There are four exceptions to the good faith doctrine in which suppression remains an appropriate remedy. *Leon*, 468 U.S. at 923. Defendant asserts two of them here. Suppression is appropriate "when the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and . . . when a warrant is so facially deficient that the executing officer could not reasonably believe it was valid." *United States v. Edwards*, 813 F.3d 953, 970 (10th Cir. 2015). Defendant argues (1) the warrant affidavit failed to establish probable cause or a minimal nexus between the evidence sought and Defendant's home and (2) the warrant failed the particularity requirement of the Fourth Amendment.

"An affidavit lacks indicia of probable cause when it does not contain factual support." *Chambers*, 882 F.3d at 1310. The question to be asked is whether the affidavit is "*devoid* of factual support." *Id.* (emphasis in original). An affidavit devoid of factual support is "one that merely states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge." *Id.* (quoting *United States v. Roach*, 582 F.3d 1192, 1204–05 (10th Cir. 2009)).

As discussed above, the Court finds that the search warrant affidavit sufficiently establishes probable cause and a sufficient nexus to justify issuing the search warrant. Therefore, the affidavit is hardly "devoid of factual support" to the extent described in *Chambers*. Further, the search warrant did not fail to describe with particularity the materials and documents related to the suspected firearm transactions that could be seized.

Accordingly, the good faith exception would apply here even if the Court had found the affidavit did not establish probable cause.

### III. A hearing is required to the extent that the government intends to introduce as evidence the marijuana that was seized during the search of Defendant's residence.

In addition to seizing evidence described by the warrant, agents discovered and seized a "medium-sized container of marijuana." *See* [Doc. No. 27] at p. 4. "It is well established that under certain circumstances the police may seize evidence in plain view without a warrant." *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971).

> The plain view doctrine allows a law enforcement officer to seize evidence of a crime, without violating the Fourth Amendment, if (1) the officer was lawfully in a position from which the object seized was in plain view, (2) the object's incriminating character was immediately apparent (i.e., there was probable cause to believe it was contraband or evidence of a crime), and (3) the officer had a lawful right of access to the object.

*United States v. Khan*, 989 F.3d 806, 818 (10th Cir. 2021) (internal quotations omitted).

The Court is unable to determine whether the plain-view doctrine applies, as it is unclear whether the container's incriminating character was immediately apparent. *See United States v. Gabriel*, 715 F.2d 1447, 1449-50 (The plain-view doctrine may apply upon a showing from the government that "the discovery was inadvertent, and the incriminating nature of the evidence was immediately apparent."). Thus, the Court concludes that a hearing is necessary to determine whether the container's incriminating character was

immediately apparent. The Court requests that the parties advise whether a hearing is necessary on this limited issue no later than September 23, 2022.[3]

## CONCLUSION

For the foregoing reasons, Defendant William Shawn Kay's Motion to Suppress Evidence Seized in Search of Residence [Doc. No. 22] is **DENIED** with respect to the firearms, ammunition, and other illegal weapons seized pursuant to the valid search warrant.

**IT IS SO ORDERED** this 20th day of September, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] The government, in its response [Doc. No. 36] to Defendant's Motion in Limine Regarding the Marijuana [Doc. No. 21], stipulated that the issue was moot, as it did not intend to introduce any evidence related to the marijuana at trial. Assuming that the government's position is unchanged, the Court does not anticipate that a hearing on the issue will be necessary.