IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. CR-22-40-D |
| ) | |
| WILLIAM SHAWN KAYS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are four motions in limine filed by Plaintiff United States of America [Doc. Nos. 29, 30, 31, and 32].[1] Defendant William Shawn Kays filed a consolidated response [Doc. No. 39] and Plaintiff replied [Doc. No. 56].[2] The matters are fully briefed and at issue.

## BACKGROUND

Defendant stands charged in a three-count Superseding Indictment of: 1) illegal receipt of a firearm by a person under indictment, in violation of 18 U.S.C. § 922(n); 2) prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(8); and 3) prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(8).

---

[1] Plaintiff's motion in limine regarding Defendant's state felony charge [Doc. No. 29] was subsequently amended to correct the attorney of record in the certificate of service. *See* Pl.'s Am. Mot. in Limine [Doc. No. 32].
[2] In its reply, Plaintiff moved to withdraw its motion in limine regarding Defendant's previous employment [Doc. No. 30]. *See* Pl.'s Reply at 2.

Pursuant to Fed. R. Evid. 401, 402, and 403, Plaintiff seeks to exclude the facts and circumstances pertaining to the protective order entered against Defendant and the state felony charge brought against Defendant.

## STANDARD OF DECISION

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.16, (1984) (citing Fed. R. Evid. 103(c); *cf.* Fed. R. Civ. P. 12(e)). As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008), *aff'd*, 402 F. App'x 337 (10th Cir. 2010) (internal quotations omitted).

Despite these streamlining benefits, "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1219 (D. Kan. 2007). In order to exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59

F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce*, 469 U.S. at 41-42 ("The ruling is subject to change when the case unfolds. . . . [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## DISCUSSION

Although Plaintiff filed multiple motions requesting that the Court exclude the facts and circumstances related to Defendant's protective order and state felony charge, the legal arguments made in each motion are indistinguishable. Plaintiff asserts that the testimony surrounding these categories of evidence is not relevant, and even if it is relevant, it is more prejudicial than probative. Defendant counters that each category of evidence is relevant, as each is necessary to provide the jury with the proper context and background.

### I. Relevance

Pursuant to Fed. R. Evid. 401, evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." A fact is "of consequence" when "its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict." *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998). "As for the degree of probative value required under Rule 401, the rule sets the bar very low. The rule establishes that even a minimal degree of probability—i.e., 'any tendency'—that the asserted fact exists is sufficient to find the proffered evidence relevant." *Id.*; *see also United States v. Leonard*, 439 F.3d 648, 651 (10th Cir. 2006) ("Rule 401 is a liberal standard.").

Arguing that the facts and circumstances surrounding Defendant's protective order and state felony charge do "not tend to prove or disprove any element of the crime charged," Plaintiff contends that such evidence is not relevant. *See* Pl.'s Mots. in Limine [Doc. Nos. 31, 32] at 5. It argues that the proffered evidence "is not evidence of whether the defendant committed the crime charged." *Id.*

Although the details surrounding Defendant's protective order and state felony charge are not required to determine whether Defendant committed the crimes that he stands charged of, such evidence provides structure, context, and "is appropriate in order to complete the story of the crime on trial." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (internal quotation and citation omitted). At this juncture, the Court is unable to conclude that the proffered evidence is irrelevant.

## II. Unfair Prejudice

As the Court is unable to determine that the evidence Plaintiff seeks to exclude is irrelevant, the Court turns to Rule 403. Rule 403 provides that: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Excluding otherwise admissible evidence under Rule 403 is an extraordinary remedy that should be used sparingly." *Leonard*, 439 F.3d at 652 (internal quotation and citation omitted).

Plaintiff fails to articulate how or why the evidence is inadmissible under Fed. R. Evid. 403. Although it asserts that the evidence is "unfairly prejudicial, confuses the issues,

4

would mislead the jury, would cause undue delay, and would waste the time of the fact finder," the Court is unable to reach the same conclusion. As such, an evidentiary ruling must be deferred until trial so that questions of "potential prejudice may be resolved in proper context." *Hawthorne Partners*, 831 F.Supp. at 1400.

## CONCLUSION

For the reasons outlined above, Plaintiff's motions in limine related to Defendant's state felony charge and protective order [Doc. Nos. 29, 31, and 32] are **DENIED.** Plaintiff's motion in limine regarding Defendant's previous employment [Doc. No. 30] is **DENIED AS MOOT.**

**IT IS SO ORDERED** this 28th day of October, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge