# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-40-D |
| ) | |
| WILLIAM SHAWN KAYS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff United States of America's Motion in Limine to Preclude Advice-of-Counsel Defense [Doc. No 68]. Defendant William Shawn Kays timely responded [Doc. No. 73]. The matter is fully briefed and at issue.

## BACKGROUND

Defendant stands charged in a three-count superseding indictment of: 1) illegal receipt of a firearm by a person under indictment, in violation of 18 U.S.C. § 922(n); 2) prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(8); and 3) prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(8).

Defendant, in an earlier motion to dismiss, previously argued that counts two and three of the superseding indictment should be dismissed because he had explicit authority from a state court judge to possess firearms at and after the time that a protective order was entered. *See* Def.'s Mot. to Dismiss [Doc. No. 50].[1] Plaintiff filed the instant motion

---

[1] The Court denied Defendant's motion. *See* 6/16/2022 Order [Doc. No. 76].

requesting that the Court preclude Defendant from asserting an "advice of counsel" defense at trial because, it argues, such evidence is irrelevant. Plaintiff also argues that "any advice or authorization given by a state actor [is] not relevant to the current charges." Pl.'s Mot. [Doc. No. 68] at 6. Thus, Plaintiff requests that any such evidence be excluded pursuant to Fed. R. Evid. 402.

Defendant counters that Plaintiff mischaracterizes his defense. Alleging that "he was told affirmatively by the state judge that he could possess a firearm," Defendant maintains that he has not committed a crime. Def.'s Resp. [Doc. No. 73] at 3-4. To prove this, he anticipates raising a "due process/lack of knowledge defense, not an advice of counsel defense." *Id.* at 1.

## STANDARD OF DECISION

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.16, (1984) (citing Fed. R. Evid. 103(c); *cf.* Fed. R. Civ. P. 12(e)). As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008), *aff'd*, 402 F. App'x 337 (10th Cir. 2010) (internal quotations omitted).

Despite these streamlining benefits, "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487

F.Supp.2d 1216, 1219 (D. Kan. 2007). In order to exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce*, 469 U.S. at 41-42 ("The ruling is subject to change when the case unfolds. . . . [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## DISCUSSION

Defendant claims that he was misled by a state judge who allegedly indicated that Defendant could possess a firearm despite being subject to a protective order. Accordingly, he asserts that his due process rights were violated. This is, in effect, an entrapment by estoppel defense. *See United States v. Cox*, 187 F.Supp.3d 1282 (D. Kan. 2016) ("The defense of entrapment by estoppel is implicated where an agent of the government affirmatively misleads a party as to the state of the law and that party proceeds to act on the misrepresentation so that criminal prosecution of the actor implicates due process concerns under the Fifth and Fourteenth Amendments.") (quoting *United States v. Bradley*, 589 F. App'x 891, 896 (10th Cir. 2014)); *see also United States v. Hardridge*, 379 F.3d

3

1188, 1192 (10th Cir. 2004) ("A claim of entrapment by estoppel is at heart a due process challenge.").

> Entrapment by estoppel requires a defendant to prove:
>
> (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was "responsible for interpreting, administering, or enforcing the law defining the offense"; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was "reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation."

*Hardridge*, 379 F.3d at 1192 (quoting *United States v. Gutierrez-Gonzalez*, 184 F.3d 1160, 1167 (10th Cir. 1999) and *United States v. Nichols*, 21 F.3d 1016, 1018 (10th Cir. 1994)).

Defendant alleges that, at the time the temporary protective order was entered, a state judge affirmatively told him that he could possess a firearm. Although "the box on the protective order prohibiting firearm possession was not checked," it is unclear whether the state judge in fact issued an "affirmative statement" authorizing Defendant to possess a firearm. Def.'s Resp. at 4. Nonetheless, Defendant argues that he must be permitted to present a "due process/lack of knowledge defense" as explained in *United States v. Brady*, 710 F.Supp. 290 (D. Colo. 1989).

In *Brady*, a state court judge informed a defendant that, despite his felony status, the defendant could "utilize a firearm specifically for hunting and trapping within the confines of his occupation." *Id.* at 292. The defendant was subsequently arrested and prosecuted under 18 U.S.C. § 922(g)(1).

During a bench trial, the defendant argued that "the fact that a state court judge told him he could possess a firearm in connection with his hunting and trapping precludes his

4

conviction." *Id.* at 294. The court agreed. It noted that "a judge with criminal jurisdiction over [the defendant] specifically told him that he could continue to possess a firearm when hunting and trapping." *Id.* Thus, it reasoned that "it would violate due process to convict [the defendant] of this offense in light of the fact that the defendant's conduct conformed to the judge's statement of law." *Id.*

Although the Tenth Circuit acknowledged that authority from other circuits contradicts *Brady*, it declined to definitively analyze *Brady's* holding in *United States v. Hardridge*, 379 F.3d 1188, 1195 (10th Cir. 2004). However, other Tenth Circuit decisions discussing entrapment by estoppel prove instructive here. *See United States v. Gutierrez-Gonzalez*, 184 F.3d 1160 (10th Cir. 1999); *United States v. Stults*, 137 F. App'x 179 (10th Cir. 2005).

For instance, in *Gutierrez-Gonzalez*, the court held that the government agent responsible for misleading the defendant about the state of the law defining the offense must "be a government official or agency responsible for interpreting, administering, or enforcing the law defining the offense." 184 F.3d at 1167. It noted that such a requirement is consistent with the view of (1) the Supreme Court; (2) the Model Penal Code; and (3) several other circuits. *Id.*[2]

---

[2] To arrive at its holding, the court favorably cited *United States v. Spires*, 79 F.3d 464, 466 (5th Cir. 1996) (holding that a defendant must show "reliance on a *federal government* official empowered to render the claimed erroneous advice, or on an authorized agent of the *federal government* who has been granted the authority from the *federal government* to render such advice") (emphasis added) and *United States v. Etheridge*, 932 F.2d 318, 321 (4th Cir. 1991) (holding that advice from a state court judge to a felon that he could hunt with a gun was not a defense to felony possession charges because "the government that advises and the government that prosecutes is not the same").

The Tenth Circuit addressed a similar issue in *Stults*. There, the defendant pleaded guilty in a Kansas state court to possession of cocaine, a felony, in late 2002. *Stults*, 137 F. App'x at 1. His sentencing was set for February 20, 2003. On January 23, 2003, state law enforcement officers executed a search warrant at his home and discovered three firearms. He was charged in a three-count indictment, and as part of his defense, he intended to introduce evidence at trial showing that "(1) the state court judge never informed [him] that he could not possess firearms after his guilty plea but before his sentence was imposed; and (2) a state probation officer told [him] that he did not need to dispose of the guns until after sentencing." *Id.* The government moved in limine to exclude this evidence as irrelevant and prejudicial, and the district court granted the motion.

Although the defendant subsequently entered into a plea agreement with the government, he "specifically preserved his right to appeal the District Court's decision to grant the Government's motion in limine." *Id.* On appeal, the Tenth Circuit acknowledged that "entrapment by estoppel requires that the 'government agent' be a government official or agency responsible for interpreting, administering, or enforcing the law defining the offense." *Id.* at 4 (quoting *Guiterrez-Gonzalez*, 184 F.3d at 1167). It noted that the *Guiterrez-Gonzalez* court favorably cited *Etheridge*, a Fourth Circuit case "where the court held that advice from a state court judge to a felon that he could hunt with a gun was not a defense to felony possession charges because 'the government that advises and the government that prosecutes is not the same.'" *Stults*, 137 F. App'x at 4 (quoting *Etheridge*, 932 F.2d at 321).

This in mind, the *Stults* court concluded that "[t]he instant case is similar to *Ethridge* since here the 'advice' given (or lack thereof) was given by a state probation officer and a state judge, *not a federal official*. *Etheridge* and *Guiterrez* both indicate that this evidence could not create a triable issue of entrapment by estoppel." *Id.* at 5 (emphasis added).

Turning to the present set of facts, even assuming that Defendant reasonably relied on the state judge's advice that allegedly authorized him to possess a firearm, the state judge is not a federal government official "responsible for interpreting, administering, or enforcing the law defining the offense." *Guiterrez-Gonzalez*, 184 F.3d at 1167. Thus, Defendant's entrapment by estoppel defense must fail as a matter of law.

This conclusion is consistent with decisions from other district courts within the Tenth Circuit addressing similar sets of facts. *See United States v. Scott*, No. 9-CR-126-CVE, 2013 WL 623486, at *6 (N.D. Okla. Feb. 19, 2013) ("[A] statement by a state police officer or agency, even though the agency may use information provided by the federal government, cannot form the basis for asserting the entrapment by estoppel defense in a federal prosecution for felon in possession of a firearm."); *United States v. Harroz*, No. CR-19-325-SLP (W.D. Okla. filed Feb. 3, 2020) ("Defendant's argument—that the April 2019 protective order's indication of 'no prohibition in place as to defendant being in possession of weapons' precludes her prosecution for a violation of § 922(g)(8)—is essentially an entrapment by estoppel defense. But it runs into federalism problems because the court order on which Defendant relies was issued by a state court and her current prosecution is under federal law.") (internal alterations and citations omitted).

Because Defendant's entrapment by estoppel defense fails as a matter of law, any testimony or other evidence in connection with the defense is inadmissible, as it does not bear on a fact "of consequence in determining the action." Fed. R. Evid. 401; *see also* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion in Limine [Doc. No. 68] is **GRANTED.**

**IT IS SO ORDERED** this 28th day of October, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge